UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | CIVIL ACTION NO. 1:22-1119 |
| Plaintiff | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| v. | : | |
| **A. WELLER**, *et al*., | : | |
| Defendants | : | |

## **MEMORANDUM**

I.    **BACKGROUND**[1]

Presently before the court is Magistrate Judge Martin C. Carlson's September 6, 2022 report and recommendation, (hereinafter "report"), (Doc. 10), which recommends that the defendants' motion to dismiss, (Doc. 6), the civil rights complaint raising constitutional claims under 42 U.S.C. §1983, as well as raising a claim under the Americans with Disabilities Act, ("ADA"), filed by the *pro se* plaintiff William Cummings, (Doc. 1-1), be granted. Specifically, the report finds that the 8th Amendment claims in the complaint should be dismissed for failure to state cognizable claims. The report also

---

[1] Since the allegations in the plaintiff's complaint are summarized in the report, they are not repeated herein.

finds that plaintiff's Title II ADA claim should be dismissed as a matter of law for failure to establish a violation.

Finally, the report recommends that all of the plaintiff's claims be dismissed without prejudice, and that plaintiff be given leave to file one amended complaint.

On September 27, 2022, plaintiff filed a 1-page handwritten objection to the report. (Doc. 11). In this filing, plaintiff seeks to clarify his 8th Amendment claims by raising additional allegations, and he seeks to raise a new 1st Amendment retaliation claim. However, the document is not a proper amended complaint as the report recommends the plaintiff be allowed to file, and it is not a proper objection to the report. Further, to the extent that the plaintiff states that he sent the court an amended complaint, no such document was filed in this case. In any event, the plaintiff will be allowed the opportunity to file an amended pleading.

To date, the defendants have not filed objections to Judge Carlson's report and the time within which they were due has expired.

## II.     STANDARD

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.3.

### III.   DISCUSSION

Since the complete background of this case is stated in Judge Carlson's report, (Doc. 10), it will not be repeated herein.[2] Judge Carlson correctly finds that the court should dismiss without prejudice all of the claims in plaintiff's complaint.

The court has considered the findings in Judge Carlson's report, and finds no clear error of law. As such, the court agrees with the sound reasoning which has led Judge Carlson to the conclusions in his report.

### IV.   CONCLUSION

Based upon the foregoing, the court will **ADOPT IN ITS ENTIRETY** Judge Carlson's report and recommendation, **(Doc. 10)**, and it will **GRANT** the defendants' motion to dismiss, **(Doc. 6)**. Specifically, the court will **DISMISS WITHOUT PREJDUICE** all of the claims in the plaintiff's complaint, **(Doc. 1-1)**. The plaintiff's objection to the report, **(Doc. 11)**, will be **OVERRULED**. The plaintiff will be given one opportunity to file an amended

---

[2] Also since Judge Carlson states the correct applicable legal standard for a motion to dismiss under Rule 12(b)(6) as well as the correct legal standards regarding plaintiff's 8th Amendment and ADA claims, they shall not be repeated herein.

4

complaint in conformance with Judge Carlson's directives upon remand. An appropriate order follows.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 29, 2022**
22-1119-01