IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | **CIV NO. 1:22-1119** |
| | : | |
| Plaintiff, | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **WELLER, et al.,** | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

I.   **Statement of Facts and of the Case.**

This is a civil rights action brought by William Cummings, a state inmate and frequent litigant. In his *pro se* complaint, which was removed to federal court by the defendants, Cummings complained about the conditions of his confinement at SCI Frackville. (Doc. 1). Yet, while Cummings protests the conditions of his confinement at SCI Frackville he has, paradoxically, filed a motion for emergency hearing which appears to seek a preliminary injunction forbidding the defendants and other prison officials from transferring him from SCI Frackville to some other correctional facility. (Doc. 27). The parties have briefed this motion. Accordingly, the motion is now ripe for resolution. For the reasons set forth below, it is recommended that the plaintiff's motions for preliminary injunction be denied.

## II.     Discussion

### A.     Preliminary Injunction Rule 65– The Legal Standard.

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained,

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion

2

for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of

irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

§ 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are further instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

§ 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where Cumming: (1) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials; and (2) seeks relief from non-parties. Each of these aspects of Cummings' prayer for injunctive relief presents separate problems and concerns.

At the outset, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). In addition, to the extent that Cummings seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief. With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable

> under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury . . . ." Acierno, 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4 .

Furthermore, it is well settled that "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits." Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997). Therefore, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). Thus, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff, 60 F.3d at 520.

Further, to the extent that Cummings seeks to enjoin nonparties in this litigation he must make a particularly exacting showing. It is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be

acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir.1996); Robertson v. Samuels, No. 3:13-CV-2500, 2014 WL 347007, at *5 (M.D. Pa. Jan. 30, 2014), aff'd, 593 F. App'x 91 (3d Cir. 2014).

Finally, in assessing a motion for preliminary injunction, the court must also consider two other factors: (1) the possible harm to other interested parties if the relief is granted, Kershner, 670 F.2d at 443; and (2) whether the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir.2001)).

**B.** **Cummings' Requests for Injunctive Relief Should Be Denied.**

    **1.** **Cummings Has Not Shown a Likelihood of Success on The Merits of His Claims.**

Judged against these exacting standards, in its current form, this motion for preliminary injunctive relief fails. At the outset, we note that Cummings has not carried his threshold burden of showing a likelihood that he would prevail on the merits of his claims.

In this regard, in the past, inmates have frequently sought preliminary injunctive relief similar to that demanded by Cummings here, inviting courts to

regulate inmate transfers. Yet such requests, while frequently made, have rarely been embraced by the courts. As we have previously noted on this score:

> [I]t is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. Similarly, it has long been recognized that prison transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. See. e.g., Hassain v. Johnson, 790 F.2d 1420 (9th Cir.1986); Serrano v. Torres, 764 F.2d 47 (1st Cir.1985). Indeed, even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment. See, e.g., Gov't of Virgin Island v. Gereau, 592 F.2d 192 (3d Cir.1979) (transfer from Virgin Islands to mainland); Rodriguez–Sandoval v. United States, 409 F.2d 529 (1 st Cir.1969) (transfer from Puerto Rico to Atlanta). In short, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5thCir.1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert.denied, 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976).

Smithson v. Frederico, No. 1:14-CV-2073, 2015 WL 1608023, at *5 (M.D. Pa. Jan. 7, 2015), report and recommendation adopted sub nom. Smithson v. Federico, No. 1:14-CV-2073, 2015 WL 3405022 (M.D. Pa. May 26, 2015). Simply put, as a legal matter Cummings has no constitutional right to choose his prison. Therefore, he may

not use a motion for preliminary injunction as a vehicle to choose his place of confinement, or forbid a prison transfer, at the outset of this litigation. Given these existing legal impediments to Cummings' prison transfer claims, we find that Cummings has not shown a likelihood of success on the merits of these claims.

### 2. Cummings Has Not Demonstrated Irreparable Harm.

Further, while we do not in any way diminish Cummings' subjective concerns, we find—as many other courts have found when presented with similar complaints—that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction. See e.g., Rivera, 346 F. App'x 749 (denying inmate request for injunction); Rush, 287 F. App'x 142 (same). In this regard, when considering this benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, it is clear that "[i]rreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.'" Messner, 2009 WL 1406986, at *4 (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm")). Moreover, in this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for . . . ." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted). Thus, an injunction will not issue "simply to eliminate the possibility of a

remote future injury . . . ." Acierno, 40 F.3d at 655 (citation omitted). Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is often not appropriate since the inmate has not shown that he faces immediate, *irreparable* harm. Rivera, 346 F.App'x 749; Rush, 287 F.App'x 142.

In our view, Cummings' motion—which seeks to prevent prison officials from transferring him out of the prison where he complains about his conditions of confinement—simply does not demonstrate that the plaintiff would suffer any irreparable harm. Quite the contrary, if we credit Cummings' allegations regarding the conditions of his confinement at SCI Frackville a prison transfer would actually ameliorate the harm he claims that he faces. Given this paradoxical quality of Cummings' motion, we find that he has not demonstrated irreparable injury as he is required to do in order to obtain injunctive relief.

### 3. The Balancing of Other Interests Weighs Against Granting a Preliminary Injunction.

Further, we note that granting this injunctive relief—which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the transfer of a single state prisoner—could harm both the defendants' and the public's interest. In this prison context, the defendants' interests and the public's interest in penological order could be adversely affected if the Court began dictating the transfer or treatment for the plaintiff, one inmate out of thousands treated in the

Commonwealth's prison system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief will be in the public interest," Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994), weighs heavily against Cummings in this case.

In sum, Cummings has not shown either a likelihood of success or that he will suffer a wholly irreparable harm. Moreover, a balancing of the interests of the defendants and the public weighs against entry of a preliminary injunction. Therefore, this motion for preliminary injunction should be denied.

## III.   Recommendation

Accordingly, for the foregoing reasons, upon consideration of the plaintiff's motion for injunctive relief, (Doc. 27) IT IS RECOMMENDED that the motion be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of February 2023.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
