UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CUMMINGS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:22-1119 |
| v. | : | (JUDGE MANNION) |
| WELLER, *et al.*, | : | |
| Defendants. | : | |

### ORDER

Pending before the court is the February 21, 2023, report of Judge Carlson, (Doc. 33), which recommends the court deny Plaintiff William Cummings's motion requesting an emergency hearing and a preliminary injunction forbidding the defendants and other correctional personnel from transferring him from SCI Frackville to another correctional facility, (Doc. 158). Cummings timely filed an objection to the report, which urges this court to not adopt the report and to grant Cummings his requested relief. (Doc. 34).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). In any case, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Since the report delineates the procedural and factual background of this case, it will not be fully repeated herein. (*See* Doc. 33 at 1). In short, this is a *pro se* prisoner lawsuit in which Cummings brings claims against correctional personnel protesting the conditions of his confinement at SCI Frackville. Judge Carlson's report judiciously reviewed Cummings's request for injunctive relief, noting the request to halt his transfer from SCI Frackville was particularly paradoxical given Cummings's suit principally concerns his alleged unconstitutional conditions of confinement at the same prison. After outlining the exacting legal standards under Rule 65 of the Federal Rules of Civil Procedure against which requests for preliminary injunctions are judged, Judge Carlson found each factor courts must consider weigh against granting Cummings this extraordinary relief.

Specifically, Judge Carlson found: (1) Cummings has not shown a likelihood of success on the merits of his claims because he has no constitutional right to choose his prison, and it is well-established that inmate transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; (2) Cummings has not demonstrated irreparable harm since a prison transfer may, according to Cummings's allegations, ameliorate the harm he claims he faces at SCI Frackville; and (3) the balancing of other

interests weighs against granting a preliminary injunction because, in the prison context, "the defendants' interests and the public's interest in penological order could be adversely affected if the Court began dictating the transfer or treatment for the plaintiff, one inmate out of thousands treated in [Pennsylvania's] prison system." (Doc. 33 at 7–11).

Cummings filed objections to the report, a small portion of which address the report directly; the vast majority of which have a tenuous relationship with the report or the motion it addresses. In the relevant section of Cummings's objections, he argues the preliminary injunction factors weigh in his favor because: (1) he has shown a likelihood of success since he "was sabotaged regarding an A/C appeal"; (2) he will be irreparably harmed since his "[First and Fourteenth Amendment] rights will be irreparably injured" by the prison transfer; (3) he "sees no harm whatsoever coming to the moving party by granting" him the preliminary injunction; and (4) the public interest prong weighs in his favor since "there is clearly no public interest" in correctional staff trampling on Cummings's First and Fourteenth Amendment rights. (Doc. 34). The court will overrule these objections since they do not

- 4 -

demonstrate any error in the report's weighing of the relevant factors, and the court agrees with the sound reasoning of Judge Carlson therein.[1]

The court has considered the findings of Judge Carlson's report and finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Carlson to the conclusions in his report. As such, the court will adopt the report and recommendation in its entirety.[2]

---

[1] The rest of Cummings's objections contain repeated protestations regarding correctional staff's handling of his appeal of the decision to transfer him and "the decision to place him on A/C status"—a decision which Cummings's avers is "the main issue" in his request for a preliminary injunction, (*see* Doc. 34 at 3). To the extent these objections are relevant to the motion at issue in Judge Carlson's report, the court will overrule them because they in no way demonstrate error in Judge Carlson's reasoning or conclusion that Cummings is not entitled to judicial intervention in his prison transfer.

[2] The docket reveals Cummings filed another motion for a preliminary injunction on March 20, 2023, (Doc. 35), in which Cummings requests an injunction from this court directing his transfer back to SCI Frackville. For the same reasons delineated in Judge Carlson's report, (Doc. 33), the court finds Cummings has not demonstrated by any measure that he is legally entitled to the extraordinary relief he requests. Accordingly, the court will deny the request.

- 6 -

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**(1)** The report and recommendation of Judge Carlson, (Doc. 33), is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** Cummings's motion for an emergency hearing and preliminary injunction, (Doc. 27), is **DENIED**.

**(3)** Cummings's second motion for a preliminary injunction, (Doc. 35), is **DENIED**.

**(4)** This case if referred back to Judge Carlson for further case management.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 4, 2023**
21-1119-01