**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM CUMMINGS, | : | Civ. No. 1:22-CV-1119 |
| | : | |
| Plaintiff, | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| A. WELLER, et al., | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

## I.      Factual Background

This *pro se* prisoner civil rights lawsuit was removed to federal court by the defendants and now comes before us for consideration of a defense motion to dismiss. (Doc. 17). That motion to dismiss advances a single narrow and specific claim, asserting that the complaint is so vague and incomprehensible that it violates Rule 8's injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Upon consideration, for the reasons set forth below, we conclude that whatever flaws may exist in this pleading, they do not violate Rule 8. Therefore, we recommend that this motion to dismiss be denied without prejudice to renewal in a more focused and claim-specific fashion.

On October 25, 2022, inmate Cummings filed an amended complaint in this case which is the current, operative pleading in this litigation. (Doc. 16). This amended complaint is a fourteen page, forty-five paragraph pleading which names some nineteen correctional defendants. (Id.) While some aspects of the complaint demand a great deal of the reader, in the main this pleading makes specific allegations of particular misconduct by specific correctional officers. (Id.) Thus, for the most part, Cummings' pleading identifies when the events that he asserts violated his constitutional rights took place, and names the correctional staff who allegedly committed these constitutional torts. (Id.)

The defendants, however, have moved to dismiss the complaint in its entirety. (Doc. 17). This motion to dismiss does not attack the sufficiency or timeliness of any of Cummings' specific allegations. Instead, it contends that Cummings' amended complaint, taken as a whole, fails to comply with the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Doc. 20, at 2). This motion is now fully briefed and is, therefore, ripe for resolution. (Docs. 20, 21).

While we do not in any way discount the challenges which *pro se* pleadings may create for defense counsel, in this case we find that Cummings' amended complaint satisfies the rudimentary pleading standards prescribed by Rule 8. Therefore, we recommend that this motion to dismiss be denied without prejudice to the filing of more specifically focused dispositive motions.

## II.     Discussion

### A. Motion to Dismiss - Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.---, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.,

3

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when dismissing a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by the mere conclusory statements, do not suffice." Id. at 678.

Rather in conducting a view of the adequacy of a complaint, the Supreme Court has

advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First,
> the factual and legal elements of a claim should be separated. The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for
overcoming a motion to dismiss and refined this approach in Iqbal. The

plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." (Id., at 1950.) Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar.

6

Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, when presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003); Youse v. Carlucci, 867 F.Supp. 317, 318 (E.D.Pa.1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

**B.  The Defendants' Motion to Dismiss Should Be Denied.**

In this case, the defense motion to dismiss advances a single specific claim.

Without addressing the timeliness or legal sufficiency of the detailed allegations set

forth by Cummings in this pleading, the defense motion simply argues that the

amended complaint, read as a whole, fails to meet the rudimentary pleading

standards prescribed by Rule 8 of the Federal Rules of Civil Procedure, which

provides that: "A pleading that states a claim for relief must contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).

Rule 8 plays an important role in litigation, but simply sets minimal pleading

thresholds which must be met in order to initially state a claim. Therefore, dismissal

of a complaint pursuant to Rule 8 is only appropriate when a complaint is "illegible

or incomprehensible," Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir.

2007), or when a complaint "is not only of an unwieldy length, but it is also largely

unintelligible." Stephanatos v. Cohen,  236 F.App'x 785, 787 (3d Cir. 2007).  See,

e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State

Superior Court, 260 F. App'x 513 (3d Cir. 2008); Bennett-Nelson v. La. Bd. of

Regents, 431 F.3d 448, 450 n.1 (5th Cir.2005). Thus, in order to obtain dismissal of

a complaint under Rule 8 it must be shown that the pleading is so vague that it leaves

"the defendants having to guess what of the many things discussed constituted [a

cause of action];" <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011), or the complaint is so "rambling and unclear" as to defy response. <u>Tillio v. Spiess</u>, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal may be appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." <u>Tillio</u>, 441 F. App'x at 110.

In this case, while we acknowledge that Cummings' amended complaint can be a challenging read in some particulars, and concede that specific allegations may potentially be subject to legal challenge on a number of grounds, we find that the complaint, read as a whole, is not so vague as to be deemed unintelligible or incomprehensible. Likewise, we find that many of the averments set forth in the amended complaint identify specific conduct by particular actors at clearly identified dates and times. Thus, in the main, the complaint does not leave the defendants having to guess what of the many things discussed constitute a cause of action. Therefore, we conclude that dismissal of the amended complaint in its entirety under Rule 8 would not be appropriate. Rather, the proper course to follow in this litigation would be to engage in the process of assessing the timeliness and legal sufficiency of these allegations, a task which must await another time and another, more focused, dispositive motion.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss, (Doc. 17), be DENIED without prejudice to the filing of more specifically focused dispositive motions.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this  9ᵗʰ day of May 2023.

> *S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge