UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | Civ. No. 1:22-CV-1119 |
| Plaintiff, | : | |
| v. | : | (JUDGE MANNION) |
| A. WELLER, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Presently before the court in this *pro se* prisoner civil rights suit is the report and recommendation of Magistrate Judge Martin C. Carlson, (Doc. 52), dated September 14, 2023. Judge Carlson recommends that Defendants' motion to dismiss, (Doc. 40), be **GRANTED** and Plaintiff's amended complaint, (Doc. 16), be **DISMISSED** without leave to amend. Plaintiff filed a timely objection to Judge Carlson's report. (Doc. 53). However, based on the court's review of the record that objection will be **OVERRULED** and Judge Carlson's report will be **ADOPTED IN ITS ENTIRETY**.

Since the report correctly states the procedural and factual background of this case, (Doc. 52, at 1-3), it will not be repeated herein. In short this is one of several lawsuits brought by Plaintiff prisoner against state corrections officers. This particular suit is brought against some nineteen correctional

defendants challenging (1) a host of disciplinary citations on First, Fifth, and Fourteenth Amendment grounds, (2) the general conditions of his confinement, (3) alleged verbal abuse by correctional staff, (4) incidental exposure to a chemical spray deployed against other inmates, and (5) his cable television bill as well as access to typewriters or word processors. Defendants have filed a motion to dismiss these allegations for failure to state a claim pursuant to Rule 12(b)(6). Judge Carlson found and the court agrees based on its own review of the record that many of Plaintiff's claims are either time barred or fail as a matter of law and the rest are unexhausted under the Prison Litigation Reform Act ("PLRA"). Therefore, Defendants' motion to dismiss will be granted.

### I.   Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and

recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

Rule 12(b)(6) permits the court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003); *Youse v. Carlucci*, 867 F.Supp. 317, 318 (E.D.Pa.1994). Such a complaint "must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

However, Rule 8 also plays an important role in *pro se* litigation, setting minimal pleading thresholds which must be met to initially state a claim. Therefore, dismissal of a complaint pursuant to Rule 8 is appropriate when a complaint is "illegible or incomprehensible," *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible." *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Thus, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement.

### II. Discussion

Based on its own review of the record, the court agrees with all of Judge Carlson's findings, and for the reasons discussed below finds Plaintiff's objections to those findings are meritless.

**A. Many of Plaintiff's claims are time barred.**

Plaintiff attempts to conflate into a single lawsuit distinct acts committed by disparate parties at different times and places, with many of

the allegations falling beyond the applicable two-year statute of limitations. This is despite the fact that the applicable limitations period has been previously explained to Plaintiff in clear and precise terms. *See Cummings v. Kramer*, No. 1:22-CV-1118, 2022 WL 4594494, at *4-5 (M.D. Pa. Sept. 7, 2022), report and recommendation adopted, No. CV 1:22-1118, 2022 WL 4585535 (M.D. Pa. Sept. 29, 2022). Plaintiff seeks to avoid this statute of limitation by arguing prison officials systematically denied him access to the courts, but court records reveal that Plaintiff actively litigated another case during the time he was allegedly denied access. *See Cummings v. Konyski, et al.*, Civil No. 3:15-cv-2245.

In his objection to Judge Carlson's report, Plaintiff further alleges without citing any authority that his claims were equitably tolled. Generally equitable tolling only applies when a plaintiff does not have sufficient knowledge of the facts supporting his or her cause of action due to one of three limited circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d

1380, 1387 (3d Cir. 1994), *overruled in irrelevant part by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc).

Here Plaintiff does not plead that he lacked sufficient knowledge of facts to support his allegation due to any circumstance let alone the three circumstances enumerated by the Third Circuit. Moreover, Judge Carlson found, and the court based upon its own review agrees, the recitals in the amended complaint make it clear that, for Plaintiffs, his allegations all had a degree of permanence which would have immediately put him on notice of the need to assert his rights. Therefore, all allegations that occurred more than two years before this lawsuit was filed, *i.e.*, pre-date May 2020, are barred by the applicable two-year statute of limitation and will be dismissed.

**B. Many of Plaintiff's claims violate the Federal Rule of Civil Procedure**.

Furthermore, Plaintiff's conflated claims violate the rules of civil procedure in at least three ways. First, his claims violate Rule 12(b)(6), since they are devoid of well-plead facts giving rise to a plausible claim for relief. Second, these claims, which are unmoored in time, violate Rule 8 because they are so vague that they leave "the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158. Third, the constant conflation

- 6 -

of distinct acts committed by different parties at different times and places makes these claims a "hodgepodge" in violation of the joinder standard of Rule 20. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011) (Finding dismissal appropriate under rule 20 "given the hodgepodge of claims raised in the complaint").

In his objection to Judge Carlson's report, Plaintiff seemingly argues that these violations of the Federal Rules of Civil Procedure do not matter, because Defendants violated his First, Eighth, and Fourteenth Amendment Rights. Even if Defendants, did violate Plaintiff's Constitutional rights, which Plaintiff fails to plead they did, such violations would not excuse Plaintiff from complying with the Federal Rules of Civil Procedure. Therefore, in addition to the applicable statute of limitation barring the dated aspects of Plaintiff's hopelessly conflated allegations, the Federal Rules of Civil Procedure also require their dismissal.

**C. Plaintiff's Eight Amendment claims fail as a matter of law.**

To the extent Plaintiff's Eighth Amendment are not time barred or violate the Federal Rules of Civil Procedure those claims also fail as a matter of law. Plaintiff alleges that he was verbally harassed by prison staff in violation of his Eighth Amendment rights, despite the fact he was previously told that he may not pursue claims based solely upon alleged verbal

harassment. *See Cummings v. Weller*, No. 1:22-CV-1119, 2022 WL 4594574, at *4 (M.D. Pa. Sept. 2, 2022), report and recommendation adopted, No. CV 1:22-1119, 2022 WL 4585534 (M.D. Pa. Sept. 29, 2022). Plaintiff claims in his objection to Judge Carlson's report that Defendants' verbal harassment stopped him from practicing his religion in violation of the First Amendment. But he does not plead any specific facts showing how Defendants' alleged verbal harassment violated his First Amendment Rights, leaving the court with only a bald legal conclusion. Therefore, Plaintiff's claims based solely on verbal harassment will also be dismissed.

Similarly, Plaintiff's allegation that he occasionally received cold meals does not state an Eighth Amendment claim. Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities." *Atkinson v. Taylor*, 316 F. 3d 257, 272 (3d Cir. 2003) citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981). So, while the Eight Amendment requires prison officials to provide adequate food, "there is no constitutional right to hot meals." *Laufgas v. Speziale*, 263 Fed. Appx. 192, 198 (3d Cir. 2008) citing *Brown-El v. Delo*, 969 F. 2d 644, 648 (8th Cir. 1992) (finding frivolous prisoner's claim that his constitutional rights were violated when he

was served cold food)). Plaintiff does not object to this finding. Therefore, Plaintiff's claims based on cold meals will be dismissed.

Even more frivolous than the above claim, Plaintiff also challenges the constitutionality of his access to cable television and typewriters or word processors. To be clear Plaintiff does not claim that he has been completely denied access to cable television or typewriters/word processers. He only claims that his cable bill is too high and his access to typewriters/word processors is too limited. In his objection to Judge Carlson's report Plaintiff further argues that he is entitled to cable television access, and the fact that he is not being rendered the services he paid for has forced him to sue. The court could not disagree more. "[C]onsistent with settled case law, [an inmate] has no constitutional right to watch cable TV in his cell." *Clinton v. Camp Hill Prison*, No. 1:11-CV-2200, 2012 WL 315279, at *5 (M.D. Pa. Jan. 11, 2012), report and recommendation adopted, No. 1:11-CV-2200, 2012 WL 315098 (M.D. Pa. Feb. 1, 2012). Nor do complaints about limited access to prison typewriters raise matters of constitutional dimension. *See Brown v. Kerr*, No. CIV.A. 08-6385 (JBS), 2009 WL 1969155, at *5 (D.N.J. July 1, 2009). Therefore, these claims will be dismissed.

Plaintiff still makes one Eighth Amendment claim that is not obviously without merit. Specifically, Plaintiff alleges that he was incidentally sprayed

- 9 -

by a chemical agent, OC spray, used to quell disturbances by other inmates in other cells. Plaintiff does not assert that he was ever intentionally sprayed with this agent, but in his objection to Judge Carlson's report claims he was effectively sprayed when the other inmates in his cell block were sprayed because Defendants did not first close the vents between cells. Either way Defendants are entitled to qualified immunity on these claims.

The doctrine of qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A right is clearly established if "every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11. To be clearly established, there does not have to be a case directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011)). Here there is no existing precedent finding inadvertent exposure to OC spray used against another inmate violates an individual's Eighth Amendment rights.

Conversely, there is precedent for granting qualified immunity to correction officer's accused of misusing OC spray. *See e.g.*, *Rivera v.*

*Redfern*, 2023 WL 2139827, at *9 (M.D. Pa. Feb. 21, 2023) (Schwab, M.J.) (collecting cases and granting qualified immunity because "it is not clearly established that secondhand exposure to OC spray in response to another inmate's actions across the block, would violate an individual's rights") (internal quotations and citations omitted); *Stroman v. Wetzel*, 2020 WL 1531325, at *6 (M.D. Pa. Mar. 31, 2020) (Conner, J) ("Defendants simply could not have recognized that their use of OC spray in response to another inmate's actions across the block would violate a 'clearly established statutory or constitutional right[ ] of which a reasonable person would have known'") (citations omitted); *but see Roberts v. Luther*, No. 1:21-CV-00958, 2021 WL 5233318, at *7 (M.D. Pa. Nov. 10, 2021) (Kane, J) (declining to grant qualified immunity where correctional staff sprayed OC spray within close proximity to the plaintiff's cell and directly into ventilation system).

While Plaintiff does allege that Defendants failed to protect him by *inter alia* failing to close the vents to his cell when using OC spray in his cell block, he does not allege that Defendants sprayed OC spray in close proximity to his cell and directly into his prison's ventilation system. Therefore, Plaintiff has failed to show the Defendants violated a clearly established right by incidentally exposing him to OC spray, and Defendants are entitled to qualified immunity on his Eighth Amendment claims based on that exposure.

**D. Plaintiff's fails to state a claim under the ADA.**

Beyond the constitution, Plaintiff also alludes to the individual Defendants violating the Americans with Disabilities Act (ADA), 42 U.S.C. §12132, *et seq*. However, Judge Carlson found it is well settled: "Individuals are not liable under Title II [of the ADA]." *Snider v. Pennsylvania DOC*, 505 F. Supp. 3d 360, 405-406 (M.D. Pa. 2020). Plaintiff does not object to this finding. Therefore, any ADA claim based on individual liability will be dismissed.

**E. Plaintiff's remaining claims are unexhausted.**

Plaintiff's claims not timed barred or otherwise legally meritless still fail because Plaintiff did not exhaust his administrative remedies prior to proceeding in federal court. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement applies to a wide range of inmate complaints, including damages complaints like those made here. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000). While this exhaustion requirement is not a jurisdictional bar to litigation, this requirement is strictly enforced by

the courts. *See e.g. Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000) (citations omitted). Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to section 1997e's exhaustion requirement. *Id*.

Moreover, courts have also imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *See Spruill,* 372 F.3d at 223. Applying this procedural default standard to section 1997e's exhaustion requirement, courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See, e.g.*, *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008); *Jetter v. Beard*, 183 F. App'x 178 (3d Cir. 2006).

Here Judge Carlson found, and the court agrees based on its own review of Plaintiff's uncontested grievance record, that Plaintiff is a prolific, but erratic, grievant. Between 2018 and 2022, Cummings has filed some 242 grievances but only fully exhausted ten of these grievances. Of these ten grievances seven appear to have involved matters which fell outside the

statute of limitations, and the remaining three grievances cannot be linked in an intelligible way to Plaintiff's surviving allegations.

In his objection to Judge Carlson's report, Plaintiff does not argue his remaining claims were exhausted, but instead argues that he is exempt from the mandatory exhaustion requirement under the bodily harm exception. To support this claim Plaintiff cites a litany of cases, none of which are applicable or analogous to his claims. For example, Plaintiff cites *Downey v. Pennsylvania Department of Corrections*, where the Third Circuit found that a prisoner, who became blind in both eyes, was not required to exhaust his grievances under the PLRA, because his rapidly deteriorating vision constituted an urgent condition necessitating immediate medical care. 968 F.3d 299, 307 (3d. Cir. 2020). Here Plaintiff does not allege any urgent medical condition or that he is suffering from any ailment remotely as debilitating as blindness.

Likewise, in *Helling v. McKinney*, the Supreme Court acknowledged that "[t]he Courts of Appeal have plainly recognized that a remedy for unsafe conditions need not await a tragic event." 509 U.S. 25, 26 (1993). But this case makes no mention of the PLRA or exhaustion of grievances. Plaintiff further cites a series of out of circuit cases that are not binding on this court and again don't even mention the PLRA. *See e.g. Johnson v. Warner*, 200

F. App'x 270 (4th Cir. 2006) (Finding unprovoked assaults by prison personnel which resulted in serious physical injuries created an exception to three strikes rule from proceeding in forma pauperis.)

The only relevant case Plaintiff cites is *Rinaldi v. United States*, where the Third Circuit held that a prisoner is excused from the exhausting his grievances, when a prison official inhibits that prisoner from making a grievance through serious threats of retaliation and bodily harm. 904 F.3d 257, 267 (3d Cir. 2018). Still to overcome a failure-to-exhaust, a prisoner must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate. *Id.* at 269.

Like the plaintiff in *Rinaldi,* Plaintiff argues that he is excused from the exhaustion requirement of the PLRA because prison officials have allegedly threatened to kill him. Notwithstanding the fact that Plaintiff offers no evidence of these threats other than his own affidavit, which does not even state when, where, or who threatened him, Plaintiff does not specify if Defendants alleged threats were in retaliation to a particular grievance he filed. In fact, Plaintiff does not even plead that Defendants alleged threats were in response to any grievance he filed let alone his unexhausted

- 15 -

grievances. Simultaneously Plaintiff has continued to file grievances and litigate multiple lawsuits against the same prison officials that he alleges have threatened to kill him. Therefore, Plaintiff has not shown that alleged threats from prison officials, even if sufficiently serious, did actually deter him from continuing to pursue grievances, so he is not exempt from the exhaustion requirement of the PLRA, and is unexhausted claims will be dismissed.

### F. Plaintiff's complaint cannot be cured by further amendments.

Finally Judge Carlson, recommends that the Amended Complaint be dismissed without further leave to amend because Plaintiff has a previously described penchant for filing amendments which are flawed in ways that already have been identified for Plaintiff by the court.  Furthermore, the aforesaid flaws are so fundamental that no amount of artful advocacy could save them. Plaintiff does not specifically object to this recommendation and only argues that his objections make clear it discovery should proceed. The court disagrees and will follow Judge Carlson's recommendation and not grant Plaintiff leave to further amend his complaint.

### III. Conclusion

Based on the foregoing the Report and Recommendation of Judge Carlson, (Doc. 52) will be **ADOPTED IN ITS ENTIRETY**. Plaintiff's

objections, (Doc. 53), are **OVERULED**. Defendants' motion to dismiss, (Doc. 40), will be **GRANTED** and Plaintiff's amended complaint, (Doc. 16), will be **DISMISSED** without further leave to amend. The Clerk of Court will be directed to close this case. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 26, 2023**
22-1119-02